UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC.,

                     Plaintiff,

       -against-

EWART SMALL and NEW YORK CITY
ENVIROMENTAL CONTROL BOARD,
                  Defendants.
----------------------------------------------------------------X

**REPORT & RECOMMENDATION
23 CV 5872 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Empire Community Development, LLC ("plaintiff") brings this diversity[1] foreclosure action against defendants Ewart Small and the New York City Environmental Control Board ("ECB") seeking to foreclose on a mortgage encumbering certain real property located at 69-40 Hillmeyer Avenue, Arverne, NY 11692 ("Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13.[2] ECF No. 1, ¶ 1. On September 26, 2023, the Clerk of Court noted entry of defendants' default. ECF No. 11. Plaintiff now moves for a default judgment and judgment of foreclosure and sale against defendants. ECF No. 13. The Honorable Eric R. Komitee referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 626(b). For the following reasons, it is respectfully recommended that plaintiff's motion for a default judgment should be granted.

## BACKGROUND

On October 2 or 3, 2006,[3] defendant Small executed and delivered a promissory note ("Note") to WMC Mortgage Corp. for $99,800.00. ECF No. 1, ¶ 9; ECF No. 1-1 at 21–23. As

---

[1] Plaintiff is a single-member limited liability company whose sole member is Reliant Holdings Group, LLC. ECF No. 1. All members of Reliant Holdings Group, LLC are citizens of the State of Pennsylvania. Id. Defendant Ewart Small is a citizen of the State of New York and defendant New York City Environmental Control Board is an administrative tribunal of the City of New York. Id.

[2] Plaintiff's proposed order lists an incorrect lot number for the Property. ECF No. 13-3. The Property is located at Block 16046 and Lot 62 (not Lot 21) on the Queens County Tax Map.

[3] Paragraph 9 of the Complaint alleges October 3, 2006, however the attached Exhibit C is dated October 2, 2006.

security for payment of the Note, Small also executed a mortgage ("Mortgage") for the same amount on the Property, which was recorded on October 13, 2006. ECF No. 1, ¶ 8; ECF No. 1-1 at 4–19. On October 26, 2022, an assignment of the Mortgage and transfer of the Note to plaintiff was recorded in the City Register of the City of New York. ECF No. 1, ¶ 10; ECF No. 1-1 at 25–27.

Plaintiff alleges that Small failed to make payments that became due on March 1, 2017. ECF No. 1, ¶ 13. Plaintiff issued a notice to Small to cure the default on November 7, 2022. Id. ¶ 14; ECF No. 1-1 at 30–63. Plaintiff alleges that as of June 29, 2023, Small owed a total of $175,406.85 in unpaid principal, accrued interest, and late charges on the Note and Mortgage. ECF No. 1, ¶ 19(a).

## PROCEDURAL HISTORY

Plaintiff commenced this action on August 2, 2023. ECF No. 1. Despite being properly served defendants have failed to respond to the complaint or otherwise defend against the instant action. ECF Nos. 8, 9. Plaintiff requested and the Clerk of Court noted entry of default against defendants pursuant to Federal Rule of Civil Procedure 55(a). ECF Nos. 10, 11. Plaintiff now moves for a default judgment. ECF No. 13. At the Court's direction, plaintiff supplemented the motion filing proof that defendant was not in active military service and that a notice of pendency was filed on the Property in Queens County Supreme Court. ECF No. 14.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff may

then move for a default judgment against a defendant. Fed. R. Civ. P. 55(b)(2). If a defendant fails to appear or move to set aside the default under Rule 55(c), the Court may enter a default judgment on plaintiff's motion. Id.

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara et al., 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Finkel, 970 F. Supp. 2d at 119. Even though the well-pleaded allegations are deemed admitted, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC et al. v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). In other words, "[a]fter default ... it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (citation omitted). If the unchallenged facts establish defendant's liability, the Court then determines the amount of damages due. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

Under New York law, a plaintiff in a foreclosure action must demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in

payment" on the loan secured by the mortgage. Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citations omitted); see also United States v. Leap, No. 11-CV-4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), adopted by, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.") (citations omitted).

Furthermore, a plaintiff must demonstrate compliance with the notice and filing requirements of RPAPL §§ 1304 and 1306. N.Y. RPAPL § 1306(1) ("Each lender…shall file with the superintendent of financial services [the information set forth in RPAPL § 1306(2)]…as a condition precedent" to initiating any foreclosure proceeding); OneWest Bank, N.A. v. Simon, No. 14-CV-6622, 2019 WL 1320275, at *11 (E.D.N.Y. Mar. 22, 2019) (Compliance with Section 1304 "is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.") (citation omitted).

### DISCUSSION

#### I. Foreclosure and Sale

"Under New York law, a plaintiff moving for a default judgment in a foreclosure action must demonstrate the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment on the loan secured by the mortgage." Plenitude Cap. LLC v. Utica Ventures, LLC, 592 F. Supp. 3d 82, 86 (E.D.N.Y. 2021) (quotation and citation omitted); see also U.S. Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order) ("In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." (citations omitted)).

Plaintiff has filed the Note, the Mortgage signed by defendant Small, and evidence of assignment of the Note and Mortgage to plaintiff,[4] and established that defendant Small defaulted by failing to make payments due in March 2017. ECF No. 1-1 at 10; ECF No. 1-1 at 25–27; ECF No. 1, ¶ 13. Despite proper service of the summons and complaint, ECF Nos. 8–9, Small has not answered or otherwise rebutted plaintiff's showing. Plaintiff has therefore established the common law elements of its claim as to defendant Small.

Plaintiff has also complied with the statutory requirements regarding notice and filing in RPAPL §§ 1304 and 1306. Pursuant to RPAPL § 1304, "at least 90 days prior to commencing legal action against a borrower of a home loan, a lender, assignee, or mortgage loan servicer must provide the borrower with notice stating, inter alia, that the loan is a certain number of days and dollars in default as of a certain date[.]" CIT Bank N.A. v. Donovan, 856 F. App'x 335, 338 (2d Cir. 2021) (summary order). "Section 1304(2) specifies that this notice must be sent 'by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage.'" CIT Bank N.A. v. Schiffman, 948 F.3d 529, 533 (2d Cir. 2020) (quoting RPAPL § 1304(2)). "Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." Id. (citation and quotation omitted).

"RPAPL § 1306 further requires that a foreclosure plaintiff file certain information, within three business days of mailing a § 1304 notice, with a state regulator, the Superintendent of Financial Services." Id. at 535 (citing RPAPL § 1306(1)). "A proof of filing statement from the

---

[4] Plaintiff is in "physical possession" of the original Note, ECF No. 1, ¶ 12, which is indorsed in blank. ECF No. 13-2 at 7. "[U]nder New York law, physical delivery will effect a valid assignment of a note and mortgage; a written assignment is not required" Squadron VCD, LLC, 504 F. App'x at 33; see also E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015) (summary order) (holding plaintiff had standing to bring foreclosure where there was no dispute that it "possessed the original note, indorsed in blank, prior to commencing" the action).

New York State Department of Financial Services is sufficient to establish" that a plaintiff filed with the Superintendent. MTGLQ Invs., L.P. v. Assim, 209 A.D.3d 1006, 1008 (2nd Dep't 2022) (citations omitted).

Here, plaintiff alleges that a "90-day notice" under RPAPL § 1304(1) was issued to defendant Small on November 3, 2022. ECF No. 1, ¶ 14. Plaintiff provides an affidavit as proof of mailing. ECF No. 1-1 at 64. Plaintiff also provides a proof of filing statement from the New York Superintendent of Financial Services in accordance with RPAPL § 1306. ECF No. 1-1 at 64. As noted, § 1306 requires that plaintiff file certain information with the Superintendent regarding the borrower of a loan within three business days of mailing the § 1304 notice. As plaintiff made its § 1306 filings on November 8, 2022, a Tuesday, plaintiff timely mailed its § 1304 notices on or after Thursday, November 3, 2022.

Plaintiff also requests that Susan Ellen Rizos, Esq. be designated as referee "to sell the mortgaged premises," in accordance with RPAPL Section 231. ECF No. 13-3. The appointment of a referee should be allowed where the plaintiff has "established a *prima facie* case[.]" E. Sav. Bank, FSB v. Evancie, No. 13-CV-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014); see also Windward Bora LLC v. Thomas et al., No. 20-CV-5320, 2022 WL 14731628, at *10 (E.D.N.Y. Sept. 30, 2022) (determining that "Rizos has been appointed as referee in several mortgage foreclosure actions") (citations omitted). Accordingly, I respectfully recommend that Susan Ellen Rizos, Esq. should be appointed as referee to conduct the sale of the Property under the terms set forth in the proposed judgment of foreclosure and sale.

### a. Liability as to Non-Mortgagor Defendants

Plaintiff also names ECB as a non-mortgagor defendant, as "it is a judgment creditor by virtue of Environmental Control Board Violations filed against the borrower and/or property,

which are subordinate to Plaintiff's Mortgage." ECF No. 1, ¶ 4; ECF No. 1-1 at 69–70. "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" Bank of Am., N.A. v. 3301 Atl., LLC, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale'." Id. (quoting N.C. Venture I, L.P. v. Complete Analysis, Inc., 803 N.Y.S. 2d 95, 98 (2d Dep't 2005)).

To establish liability as to a non-mortgagor defendant, plaintiff must allege "'nominal liability' — that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." Courchevel 1850 LLC v. Rodriguez, No. 17-CV-6311, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (citation omitted); Gustavia Home, LLC v. Lawrence, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability'.") (citation omitted).

Here, plaintiff alleges that ECB is a judgment creditor with some interest or lien subordinate to plaintiff's mortgage. ECF No. 1, ¶ 4; ECF No. 1-1 at 70. In support of plaintiff's allegations of nominal liability as to ECB, plaintiff provides a copy of "ECB's vs Name as of 10/2022." ECF No. 1-1 at 70. While plaintiff submitted this list of violations rather than the documents resulting from the title search, the Court confirms that the list does, in fact, reflect the results of a "ECB Violations" search on the NYC CityPay website.[5] See RL 900 Park, LLC v.

---

[5] The Court takes judicial notice that the violations listed as of June, 2024 are the same Ticket Numbers listed in plaintiff's Exhibit F, however the total amount now due is different: $6,319.18 is owed for Violation 039034825N;

Ender, No. 18-CV-12121, 2021 WL 738705, at *6 (S.D.N.Y. Feb. 25, 2021) (Court may take judicial notice of search results on a governmental agency website, because they are public filings). The Court also confirms that the title search documents demonstrate ECB's interest in the subject Property. Accordingly, the ECB is a necessary party in this matter and plaintiff's motion for a default judgment should be granted against it.

## II. Damages

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, *except* those relating to damages. Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). On a motion for a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, 109 F.3d at 111). An evidentiary hearing is not required; rather, in determining damages, the Court may rely on detailed affidavits and other documentary evidence. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). However, "[i]n the context of a default judgment in a foreclosure action, several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan." Happy Homes, LLC v. Jenerette-Snead, No. 15-CV-1788, 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases).

### a. Damages Due Under the Note

Plaintiff seeks a total of $170,081.76 in damages due under the Note against Small:

---

$15,797.95 is owed for Violation 039034826P; and $7,898.97 is owed for Violation 039034824L. NYC CityPay, https://a836-citypay.nyc.gov/citypay/ecb (last visited Jun. 21, 2024).

$93,075.16 in principal owed on the Note and $77,006.60 in accrued interest as of November 1, 2023, at a rate of 12.25% per year. ECF No. 13-6.

### i. Unpaid Principal Balance

Plaintiff seeks an unpaid principal balance of $93,075.16. ECF No. 13-6 at 2–6, ¶ 7. Small agreed to pay $99.800.00 in principal. ECF No. 1-1 at 5. Farmer certifies that at the time of Small's default by failing to make the monthly payment due on March 1, 2017, the outstanding principal balance on the note was $93,075.16. ECF No. 13-6, ¶ 7. Plaintiff's supporting documents establish that defendant Small failed to make payments on the unpaid principal balance after February 1, 2017. ECF No. 13-6 at 6; see also Happy Homes, LLC v. Jenerette-Snead, No. 15-CV-01788, 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases where the mortgage and plaintiff's affidavit were sufficient to establish damages and cases where courts requested additional records); Onewest Bank, NA v. Raghunath, No. 14-CV-3310, 2015 WL 5772272, at * 4 (E.D.N.Y. Sept. 8, 2015) (finding that plaintiff's unopposed affidavits stating the amount of the unpaid principal were sufficient to establish damages); United States v. Watts, No. 13-CV-3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014), adopted by, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014) (concluding that plaintiff's unopposed affidavit stating the outstanding principal, along with a declaration of regularity and review of "all relevant documents," was sufficient to establish damages). The Court recommends that plaintiff's motion for a default judgment against defendant Small should be granted in the amount of $93,075.16 for the unpaid principal balance due on the Note.

### ii. Interest

Plaintiff seeks $77,006.60 in interest on the unpaid principal balance from February 1, 2017 through November 1, 2023. ECF No. 13-6, ¶ 6. The Note provides that interest accrues on the

unpaid principal balance at a rate of 12.25% per year. ECF No. 1-1 at 21–23, ECF No. 13-6, ¶ 7. Applying the 12.25% annual interest rate to the unpaid principal balance of $93,075.16, interest accrues at a daily rate of $31.24.[6] There are 2,465 days between February 1, 2017 through November 1, 2023. The total interest is thus calculated as follows: 2,465 days * $31.24 per day = $77,006.60.

I respectfully recommend that plaintiff's motion for a default judgment against Small should be granted. Plaintiff should be awarded $77,006.60 in interest due as of November 1, 2023, plus additional interest at a rate of $31.24 per day from November 1, 2023 until the Court enters judgment.

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 54(b), it is respectfully recommended that plaintiff's motion should be granted, and the Court should enter a default judgment in favor of plaintiff and against defendant Small as follows:

- $93,075.16 in principal owed on the Note;

- $77,006.60 in accrued interest due on the Note calculated from February 1, 2017 through November 1, 2023, plus *per diem* interest of $31.24 until the date of entry of judgment.

Additionally, the Court should enter a default judgment in favor of plaintiff against defendant New York City Environmental Control Board foreclosing its interests in the subject property.

---

[6] "Daily interest is calculated as follows: daily interest rate = (outstanding principal * interest rate per annum)/365 days." CIT Bank, N.A. v. Seeram, No. 16-CV-2608, 2017 WL 8220204, at *5 n.11 (E.D.N.Y. Feb. 15, 2017), adopted by, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018) (citation omitted). Here, the daily interest rate is calculated as follows: ($93,075.16 * .1225) / 365 = $31.24 per day.

I further recommend that the Court should order the foreclosure and sale of 69-40 Hillmeyer Avenue, Arverne, NY 11692 and that Susan Ellen Rizos, Esq. should be appointed as referee for the foreclosure sale.

Plaintiff is hereby ordered to serve a copy of this Report on defendants at their last known addresses and file proof of service with the Court forthwith. Should this Recommendation be adopted, plaintiff shall file a revised Order of Judgment and Foreclosure reflecting the amounts set forth in this Report within fourteen (14) days.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 21, 2024
        Brooklyn, New York